**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RONESE R. BROOKS and
ELVIS CAMPBELL,

                                Plaintiffs,

                       -against-

AVIS BUDGET GROUP, INC. and
PV HOLDING CORP.,

                                Defendants.
-----------------------------------------------------------------X

**ORDER**

**23-CV-01657 (MMG) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiffs Ronese R. Brooks and Elvis Campbell (collectively, "Plaintiffs") move the Court for sanctions against Defendants Avis Budget Group, Inc. ("Avis") and PV Holding Corp. ("PV Holding") (collectively, "Defendants") for spoliation of evidence. Plaintiffs move the Court to strike Defendants' answer, or in the alternative, to grant an adverse inference instruction against Defendants. For the reasons stated below, the motion to strike Defendants' answer is **DENIED** while the motion for an adverse inference is **GRANTED**.[1]

---

[1] Pursuant to the March 7, 2023 referral of this case for General Pretrial, this Court has the authority to order non-dispositive spoliation sanctions, including an adverse inference instruction. Dorchester Fin. Holdings Corp. v. Banco BRJ S.A., No. 11-CV-1529 (KMW), 304 F.R.D. 178, 180 (S.D.N.Y. 2014); Dkt. No. 3; see Fed. R. Civ. P. 72; see also Rosa v. Genovese Drug Stores, Inc., 2017 WL 4350276, at *1 (E.D.N.Y. July 31, 2017) (treating a magistrate judge's order imposing an adverse inference instruction sanction as non-dispositive).

## BACKGROUND

In May 2022, Plaintiffs rented a car from Defendant Avis.  Dkt. No. 49 at 7. The car was owned by Defendant PV Holding.  Dkt. No. 49 at 7.  Plaintiffs allege that on May 22, 2022, "[Plaintiff] Campbell was driving the subject vehicle . . . when, without warning, the left rear tire blew out causing the vehicle to careen into the concrete barrier wall."  Dkt. No. 49 at 7; Dkt. No. 49-5 at 1.  After the accident, the vehicle was towed from the crash site to an "Avis/Budget Fleet Services Supply Shop." Dkt. No. 49-3 at 1; Dkt. No. 58-3 at 4; Dkt. No. 62 at 9.

Plaintiffs notified Defendants on June 12, 2022—three weeks after the car accident—that they were being represented by counsel in all potential claims stemming from the car accident.  Dkt. No. 49-9 at 1; Dkt. No. 49-10 at 1.  The following day, Defendants' claims administrator notified Plaintiffs that if they "intend[ed] to pursue a claim against Avis/Budget Car Rental based upon an alleged vehicle defect," they would need to execute a Mechanical Malfunction Information Form.  Dkt. No. 49-11 at 1.  On August 29, 2022, Plaintiffs' counsel confirmed that "[t]his vehicle should be held until inspection is completed" and the following day, submitted the executed Mechanical Malfunction Information Form.  Dkt. No. 49 at 15; Dkt. No. 49-14 at 3; Dkt. No. 49-16 at 2.

Both parties agree that Defendants' claims administrator confirmed receipt of the Mechanical Malfunction Information Form on August 30, 2022 and stated that "[o]ur Attorney . . . will be in contact to discuss and coordinate the inspection."  Dkt.

2

No. 49-16 at 1; Dkt. No. 58 at 9–10.  However, their narratives diverge regarding the extent of the communication following August 30th.

Defendants assert there was no further communication between the parties during the following months.  Dkt. No. 58 at 10; Dkt. No 58-3 at 2.  Plaintiffs, however, assert the parties had multiple communications spanning several months where they sought to arrange an inspection of the vehicle.  Dkt. Nos. 49-19–23; Dkt. No. 62-1.  Specifically, Plaintiffs' counsel's notes (see Dkt. Nos. 49-19–23) make record of the following: two successful phone calls with Defendants' attorney in September 2022 attempting to coordinate a time for Plaintiffs' expert to inspect the rental car; two unsuccessful phone calls to Defendants' attorney resulting in a voicemail in November of 2022; and an unsuccessful phone call to the claims administrator resulting in a voicemail in December of 2022.  Dkt. Nos. 49-19–23; Dkt. No. 62-1.

The parties agree that the rental car was ultimately disposed of, with a Total Overall Disposal Document dated to January 13, 2023, and that Plaintiffs never inspected the rental car.  Dkt. No. 49 at 7–8; Dkt. No. 49-31 at 1; Dkt. No. 58 at 17.  Plaintiffs' counsel attested that they "never received any notice that the vehicle was going to be disposed of."  Dkt. No. 62-1 at 3.  Defendants do not dispute this.

## LEGAL STANDARD

The Second Circuit defines spoliation as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  Pursuant to Rule 37(b) of the Federal Rules of

3

Civil Procedure, courts have the power to impose sanctions for spoliation in violation of a court order.  Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., No. 06-CV-3972 (LTS) (JCF), 769 F. Supp. 2d 269, 288 (S.D.N.Y. 2011).  In the absence of an order, "[a] court may impose discovery sanctions . . . pursuant to 'its inherent power to manage its own affairs.'"  Id. (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)).

A party seeking sanctions for spoliation bears the burden of establishing the following elements:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Id. (citing Residential Funding Corp., 306 F.3d at 107); White v. Fuji Photo Film USA, Inc., No. 06-CV-13769 (SCR) (GAY), 2009 WL 1528546, at *1 (S.D.N.Y. June 1, 2009).  The moving party must show these elements "by a preponderance of the evidence."  Passlogix, Inc. v. 2FA Tech., LLC, No. 08-CV-10986 (PKL), 708 F. Supp. 2d 378, 412 (S.D.N.Y. 2010).  Additionally, the moving party must make a showing, "inferential or otherwise," that they have suffered some prejudice from the spoliation.  GenOn Mid-Atl., LLC v. Stone & Webster, Inc., No. 11-CV-1299 (HB) (FM), 282 F.R.D. 346, 353 (S.D.N.Y. 2012), aff'd, No. 11-CV-1299 (HB), 2012 WL 1849101 (S.D.N.Y. May 21, 2012).

**DISCUSSION**

The Court finds that Plaintiffs have met their burden in establishing the three required elements and demonstrating prejudice.

**A. Obligation to Preserve Evidence**

The obligation to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001). At its simplest, "[i]dentifying the boundaries of the duty to preserve involves two related inquiries: *when* does the duty to preserve attach, and *what* evidence must be preserved?" Zubulake v. UBS Warburg LLC, No. 02-CV-1243 (SAS), 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Further, where the accused spoliator had "either the legal right or the practical ability" to control the evidence, it has an obligation to preserve said evidence. GenOn Mid-Atl., LLC, 282 F.R.D. at 355.

Following the model of Zubulake, the Court will first determine *when* the duty to preserve attached. On June 12, a mere three weeks after the car collision, Defendants had notice that the rental car "may be relevant to future litigation" when Plaintiffs notified them of having acquired legal representation. Dkt. No. 49-9 at 1; Dkt. No. 49-10 at 1. Plaintiffs formalized the notice by returning the executed Mechanical Malfunction Information Form to Defendants on August 30, expressing their "inten[t] to pursue a claim against Avis/Budget." Dkt. No. 49-16 at 2. Therefore, Defendants' duty to preserve evidence attached, at the latest, on August 30, 2022. See Man Zhang v. City of New York, No. 17-CV-5415 (JFK) (OTW), 2019 WL 3936767,

5

at *6 (S.D.N.Y. Aug. 20, 2019) (finding duty to preserve arose "when Plaintiffs filed their Personal Injury Claim Form, providing explicit notice of a forthcoming wrongful death and medical malpractice lawsuit").

The Court next turns to the question of *what* should have been preserved. Plaintiffs in their August 29 email specifically requested that the rental car be preserved for inspection. Dkt. No. 49-14 at 3. But Defendants contend that, because the claim centers on one allegedly defective tire, it is only that tire which needed to be preserved. Dkt. No. 58 at 15–16. The Court disagrees—Defendants' "single tire" argument fails on the exact grounds as articulated by Plaintiffs, "that there were three other tires of the same make, model and size . . . [and that] the subject vehicle was equipped with an event data vehicle recorder . . . ." Dkt. No. 62 at 5–6. It simply defies logic to assert that a subject car is not relevant in a car crash lawsuit. Crucially, Defendants' own internal emails seem to support Plaintiffs' position. See Dkt. No. 58-3 at 7 ("[It is] ok to move [the vehicle to a] different spot on the lot. [But t]his is a tire defect claim—can you make sure no changes / damage is done to the *tires*?" (emphasis added)). In sum, Defendants' obligation to preserve extended to the whole car.

Lastly, since the rental car was held at an "Avis/Budget Fleet Services Supply Shop," Defendants had the legal right and practical ability to control it. Dkt. No. 49-3 at 1; Dkt. No. 58-3 at 4; Dkt. No. 62 at 9. Nothing prevented Defendants from being able to preserve the rental car. Thus, Defendants had an obligation to suspend its

6

regular retention and destruction policies and "not destroy unique, relevant evidence that might be useful to an adversary." Zubulake, 220 F.R.D. at 217.

### B. Culpability

"[A] party's failure to preserve evidence after the obligation attaches may result in sanctions only if the spoliating party had a 'culpable state of mind.'" Hawley v. Mphasis Corp., No. 12-CV-592 (DAB) (JLC), 302 F.R.D. 37, 47 (S.D.N.Y. 2014). An alleged spoliator's culpability pertaining to their destruction of evidence exists "along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality." Residential Funding Corp., 306 F.3d at 108 (quoting Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999)). Understanding this "continuum of fault," the specifics of a sanctions determination is "'confined to the sound discretion of the [judge], and is assessed on a case-by-case basis . . .' [where the] court considers several factors . . . , including ' . . . the willfulness of the non-compliant party . . . .'" Id.; Hawley, 302 F.R.D. at 46 (quoting Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009); Zubulake v. UBS Warburg LLC, No. 02-CV-1243 (SAS), 229 F.R.D. 422, 430 (S.D.N.Y. 2004)).

Defendants assert they do not concede any negligence, arguing they had no duty to preserve the rental car. Dkt. No. 58 at 14–17. Defendants further assert that there is nonetheless a "clear lack of willfulness" because they "acted reasonably in eventually releasing the vehicle's hold . . . assuming litigation would not occur" and that it "would be both nonsensical and an undue burden on defendants" to have required continued preservation. Dkt. No. 58 at 6, 17.

As has been established *supra* (see § A), Defendants had an obligation to preserve the rental car; and "[o]nce the duty to preserve attaches, any destruction of [evidence] is, at a minimum, negligent." Zubulake, 220 F.R.D. at 220.  Additionally, Defendants' argument that any potential preservation obligation expired is erroneous.  While it is recognized that a party's obligation to preserve evidence does not extend indefinitely, in considering whether this obligation has in fact expired, "courts look to whether the party moving for sanctions had an adequate and meaningful opportunity to inspect the evidence prior to its destruction." Steinsnyder v. United States, 2013 WL 1206451, at *15 (E.D.N.Y. Feb. 8, 2013) (citing Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 458 (2d Cir. 2007)), report and recommendation adopted as modified, 2013 WL 1209099 (E.D.N.Y. Mar. 25, 2013).

Here, Plaintiffs were not afforded an "adequate and meaningful opportunity to inspect the evidence prior to its destruction." Steinsnyder, 2013 WL 1206451, at *15. While the level of communication after Plaintiffs' submission of the Mechanical Malfunction Information Form is contested, the Court finds credible Plaintiffs' record, via their internal notes and affidavit, of explicit and repeated efforts made with Defendants to coordinate the inspection of the rental car after submitting the Form. Dkt. No. 49-16 at 2; Dkt. Nos. 49-19–23; Dkt. No. 58 at 10; Dkt. No. 58-3 at 2; Dkt. No. 62-1.

Even assuming *arguendo* Defendants' position that there was no further communication following the submission of the Mechanical Malfunction Information

8

Form, two details then become quite significant: that Plaintiffs explicitly requested to inspect the vehicle on August 29, and that in their August 30 email, Defendants clearly stated that "*[o]ur Attorney* . . . will be in contact to discuss and coordinate the inspection." Dkt. No. 49-14 at 3; Dkt. No. 49-16 at 2; Dkt. No. 58 at 10; Dkt. No. 58-3 at 2; Dkt. No. 49-16 at 1 (emphasis added). Thus, the fact that Plaintiffs' counsel attest that they "never received any notice that the vehicle was going to be disposed of" is highly informative—Defendants should have, at a minimum, provided notice before the rental car's sale in January of 2023, especially considering only four months had passed since stating that *their attorney* would be in contact with Plaintiffs to coordinate an inspection. Dkt. No. 49-16 at 1; Dkt. No. 49-31 at 1; Dkt. No. 62-1 at 3; see Aktas v. JMC Dev. Co., 877 F. Supp. 2d 1, 14–15 (N.D.N.Y. 2012) (discussing the importance of whether the alleged spoliator had provided notice to interested counsel ahead of the destruction), aff'd, 563 F. App'x 79 (2d Cir. 2014). Simply put, this is not a case where the "detriment suffered . . . was thus the product of [the moving party's] dilatory and unprofessional handling of the case." Sterbenz v. Attina, 205 F. Supp. 2d 65, 73 (E.D.N.Y. 2002).

The Court finds Defendants' arguments unpersuasive and views their actions as demonstrating willful culpability. "Where a party seeks to demonstrate intent, that intent need not be directed at spoliation of evidence to the other party's detriment. Rather, any intentional destruction suffices." Hawley, 302 F.R.D. at 47; see Sekisui Am. Corp. v. Hart, No. 12-CV-3479 (SAS), 945 F. Supp. 2d 494, 499–501, 505–07 (S.D.N.Y. 2013) (determining that the alleged spoliator acted with willful

9

culpability when they specifically deleted pertinent emails in order to "free up space on the [company] server").  Unlike in negligence cases, where the evidence is, for example, destroyed by automatic systems or due to a failure to pursue adequate preservation practices, here, Defendants admit to the "sale and disposal of the subject vehicle."  Dkt. No. 58 at 6; see, e.g., Hawley, 302 F.R.D. at 49–50.  Defendants' disposal of the rental car in January of 2023, before affording Plaintiffs an "adequate and meaningful opportunity" for inspection, is a *willful* destruction of evidence "sufficient to permit the imposition of sanctions by this Court."  Sekisui Am. Corp., 945 F. Supp. 2d at 506; Steinsnyder, 2013 WL 1206451, at *15; Aktas, 877 F. Supp. 2d at 15; Dkt. No. 49-31 at 1.

### C. Relevance

As a basic matter, "[w]hen evidence is destroyed willfully, the destruction alone 'is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party.'"  Sekisui Am. Corp., 945 F. Supp. 2d at 504 (quoting Residential Funding Corp., 306 F.3d at 109). As discussed *supra* (see § B), the rental car was destroyed willfully and therefore relevance is presumed.

### D. Prejudice

While not an explicit element required for the imposition of spoliation sanctions, "a court should never impose spoliation sanctions of any sort unless there has been a showing—inferential or otherwise—that the movant has suffered prejudice."  GenOn Mid-Atl., LLC, 282 F.R.D. at 353.  However, in a circumstance

10

where the spoliator destroyed the evidence willfully, "[p]rejudice is presumed for the purposes of determining whether to give an adverse inference instruction . . . ." Sekisui Am. Corp., 945 F. Supp. 2d at 509.  The rationale for presuming prejudice is "precisely because relevant evidence, *i.e.*, evidence presumed to be unfavorable to the spoliating party, has been intentionally destroyed and is no longer available to the innocent party." Id. at 505.  As has been explored *supra* (see § B), since the rental car was willfully destroyed by Defendants, prejudice is presumed.

## **CHOICE OF SANCTIONS**

The Court concludes that Plaintiffs have met their burden in showing spoliation of evidence and that sanctions are appropriate.  Plaintiffs ask the Court to strike the Defendants' answer, or in the alternative, issue an adverse inference instruction against Defendants.  Dkt. No. 49 at 7.

While a court has "broad discretion in crafting a proper sanction for spoliation," a court should always aim to impose the least harsh sanction, designed to "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'" West, 167 F.3d at 779 (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)); Slovin v. Target Corp., No. 12-CV-863 (HB), 2013 WL 840865, at *6 (S.D.N.Y. Mar. 7, 2013).

Asking the Court to strike the Defendants' answer is "effectively [asking for] a default judgment against" Defendants.  Hawley, 302 F.R.D. at 53.  While such a

remedy is within the scope of the Court's discretion, a terminating sanction "is a 'drastic remedy' that 'should be imposed only in extreme circumstances, usually after consideration of alternative less drastic circumstances.'" Regul. Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC, No. 13-CV-2493 (KBF), 2014 WL 3844796, at *15 (S.D.N.Y. Aug. 5, 2014) (quoting West, 167 F.3d at 779). Compare Sekisui Am. Corp., 945 F. Supp. 2d at 505–07, 509 (granting adverse inference instruction where spoliator willfully and permanently destroyed key evidence, albeit without a malevolent purpose), with Regul. Fundamentals Grp. LLC, 2014 WL 3844796, at *1, 16 (granting case-terminating sanction where defendant's "planned, repeated, and comprehensive" destruction of evidence was not only willful, but was also committed with malice).

The Court does not find striking Defendants' answer to be an appropriate sanction. While it is established that Defendants acted willfully in their destruction of the rental car, Plaintiffs have pled no facts exhibiting that this action was done maliciously. Plaintiffs merely assert that "Defendants knew that the subject vehicle was key evidence . . . [but] this key evidence was permitted to be discarded . . . ." Dkt. No. 49 at 16. Without more, the Court is unable to justify striking Defendants answer, especially in light of a less harsh alternative.

However, the Court finds that an adverse inference instruction against Defendants is warranted in consideration of Defendants' willful destruction of the unique and relevant car. While of lesser strength than striking Defendants' answer, "[an adverse inference] is still a serious [sanction], serving the functions of placing

the 'risk of an erroneous judgment on the party that wrongfully created the risk,' and 'restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence.'" Golia v. Leslie Fay Co., No. 01-CV-1111 (GEL), 2003 WL 21878788, at *11 (S.D.N.Y. Aug. 7, 2003) (quoting Kronisch, 150 F.3d at 126). Lastly, the precise contours of this adverse inference instruction shall be reserved to the court crafting the jury charge for trial. Chan v. Triple 8 Palace, Inc., No. 03-CV-6048 (GEL) (JCF), 2005 WL 1925579, at *10 (S.D.N.Y. Aug. 11, 2005).

## CONCLUSION

As a result of their willful action, Defendants effectuated the destruction of unique, relevant evidence while under the obligation to preserve said evidence. Accordingly, Plaintiffs' motion to strike Defendants' answer is **DENIED** while the motion for an adverse inference sanction is **GRANTED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 49.**

SO ORDERED.

DATED:     New York, New York
           March 31, 2026

                                    _Jennifer E. Willis_
                                    JENNIFER E. WILLIS
                                    United States Magistrate Judge

13